

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Virginia**


MICHAEL D. DAVIS,

     Plaintiff,

v.                        Civil Action No. 3:13cv780

SAMUEL I. WHITE, P.C.,
<u>et al.</u>,

     Defendants.

### MEMORANDUM OPINION

The matter is before the Court on: (1) MOTION FOR
INJUNCTIVE RELIEF (Docket No. 5) filed by Michael D. Davis; (2)
MOTION TO DISMISS COMPLAINT (Docket No. 13) filed by Samuel I.
White, P.C., MOTION TO DISMISS (Docket No. 16) filed by OneWest
Bank, F.S.B. and Federal National Mortgage, RONALD J. GUILLOT,
JR.'S MOTION TO DISMISS COMPLAINT (Docket No. 25), DEFENDANT AMY
MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)
AND (6) (Docket No. 29), and ERIC WHITE'S MOTION TO DISMISS
COMPLAINT (Docket No. 45); (3) MOTION FOR EXPEDITED DISCOVERY
AND NOTICE OF DEFENDANTS' FAILURE TO RESPOND TO MOTION FOR
INJUNCTIVE RELIEF (Docket No. 20) filed by Michael D. Davis; (4)
MOTION FOR SANCTIONS AGAINST FEDERAL NATIONAL MORTGAGE
ASSOCIATION AS PER RULE 37 (Docket No. 48) filed by Michael D.
Davis, MOTION FOR SANCTIONS AGAINST RONALD GUILLOT AS PER RULE
37 (Docket No. 50) filed by Michael D. Davis, MOTION FOR

SANCTIONS AGAINST SAMUEL I. WHITE, PC AS PER RULE 37 (Docket No. 51) filed by Michael D. Davis, MOTION FOR SANCTIONS AGAINST ONEWEST BANK AS PER RULE 37 (Docket No. 58) filed by Michael D. Davis, MOTION FOR SANCTIONS AGAINST ERIC WHITE AS PER RULE 37 (Docket No. 59) filed by Michael D. Davis, MOTION FOR SANCTIONS AGAINST AMY MILLER AS PER RULE 37 (Docket No. 49) filed by Michael D. Davis, and MOTION TO WITHDRAW THE MOTION FOR SANCTIONS AGAINST AMY MILLER AS PER RULE 37 (Docket No. 62) filed by Michael D. Davis; and (5) MOTION TO CORRECT (Docket No. 56) filed by Michael D. Davis.

As a preliminary matter, the Court will begin its analysis with the defendants' motions to dismiss, because the plaintiff fails to state any actionable claims and many claims are barred on jurisdictional grounds. As a result, the Court need not reach a decision on the other matters.

## BACKGROUND

The dispute before the Court dates back to 2007 when Michael D. Davis obtained a construction loan from IndyMac Bank, FSB ("IndyMac") to construct a home in Columbia, Virginia.[1] In

---

[1] The Complaint expressly refers to the opinion in Davis v. OneWest Bank, F.S.B., No. 3:09cv699, 2010 WL 538760 (E.D. Va. Feb. 12, 2012) (Hudson, J.). The Court will consider it and another previous opinion referred to in the Complaint, Fed. Nat'l Mortg. Ass'n v. Davis, No. 3:12cv781, 2013 WL 4061644 (E.D. Va. Aug. 9, 2013) (Payne, J.) to set forth the background of the case because the Complaint sorely lacks factual context. See Stoney Glen, LLC v. S. Bank & Trust Co., 944 F. Supp. 2d

July 2008, the Office of Thrift Supervision closed IndyMac. All of IndyMac's assets were transferred to IndyMac Federal Bank, FSB, and then all of the deposits of IndyMac Federal Bank were transferred to OneWest Bank, F.S.B. ("OneWest"). Davis v. OneWest Bank, F.S.B., No. 3:09cv699, 2010 WL 538760, at *1 (E.D. Va. Feb. 12, 2010).

At some point, Davis made late payments on the loan and OneWest demanded payment. In 2009, Davis filed an action in the Circuit Court for Goochland County against OneWest and the Federal National Mortgage Association ("Fannie Mae") seeking to quiet title among other claims. The defendants in that case removed the action to this Court. In an opinion authored by Judge Hudson, the Court dismissed each of the claims: "For all of the foregoing reasons, the Complaint neither states a viable claim against any of the Defendants nor a legal basis to invalidate the Note or Deed of Trust." OneWest Bank, 2010 WL 538760, at *4. Davis did not appeal that adverse decision.

---

460, 464 (E.D. Va. 2013) ("Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, without converting the motion into one for summary judgment. However, there are a number of exceptions to this rule. Specifically, a court 'may consider official public records, documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed' . . . .") (quoting Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999); see also Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006) (holding that a district court may take judicial notice of state court records while deciding a motion to dismiss).

Instead, Davis filed a second action in the Circuit Court of Goochland County on February 25, 2010, which was styled as a "Request for Order to Compel Production of Documents." Complaint, Davis v. OneWest, FSB, No. CL10-24 (Va. Cir. Ct. Feb. 25, 2010) (Goochland County). As he had in the first action that was removed to federal court, Davis again asserted that the note was invalid and that OneWest was not entitled to enforce it. In addition, Davis vaguely alluded to misconduct by OneWest's representatives. The Circuit Court for Goochland County heard oral argument and issued an order dismissing the claims on June 10, 2010. Davis v. OneWest, FSB, No. CL10-24 (Va. Cir. Ct. June 22, 2010) (Goochland County). The court denied Davis' motion to amend his complaint.

On July 30, 2012, the Columbia property was sold at a foreclosure sale, and Fannie Mae obtained the title to the property. (Compl. Ex. E.) On October 5, 2012, Fannie Mae initiated an unlawful detainer action against Davis in the General District Court for Goochland County, Virginia. See Fed. Nat'l Mortg. Ass'n v. Davis, No. 3:12cv781, 2013 WL 4061644, at *1 (E.D. Va. Aug. 9, 2013) (Payne, J.). That action briefly came before this Court after Davis filed a Notice of Removal and filed numerous counterclaims alleging violations of the Truth in Lending Act and numerous state law claims. However, the Court found that it did not have subject matter jurisdiction over the

4

Davis' claims and granted Fannie Mae's motion to remand. Id. at *1, *10.

Subsequently, on November 25, 2013, the General District Court for Goochland County awarded Fannie Mae possession of the property and ordered the Davises to vacate it by January 31, 2014. On the same day, Davis filed this action alleging thirteen claims against the defendants. Davis avers in his Complaint that eleven of the thirteen claims "identical to those argued upon in 3:12cv781. . . . [T]hey were left in their original position as to remove any misconception that these are new issues which need to be re-argued." (Compl. ¶ 18.) The two new claims allege: (1) that Amy E. Miller, who represented OneWest and FannieMae in the previous lawsuits, engaged in "attorney misconduct" and (2) a "federal question" involving "bad faith legal practices." (Compl. ¶¶ 47-62, 151-74.)

## DISCUSSION

### 1.   Standard of Review

Fed. R. Civ. P. 8 provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must dismiss a complaint if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

To overcome a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint "must provide enough facts to state a claim that is plausible on its face." Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although a court assumes that the facts alleged in a complaint are true, a court need not consider unsupported legal conclusions or legal conclusions "couched as a factual allegation." Id. at 678. As the Fourth Circuit has explained, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A pleading must also contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper et al., Federal Practice &

Procedure, Jurisdiction § 3522 (3d ed.). The party seeking to adjudicate in federal court has the burden of establishing that the federal court possesses jurisdiction over the matter. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

Finally, the Court remains mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## 2.  Claim Preclusion

As our sister district has noted, this is not the first time an individual "has attempted to use multiple causes of action to delay foreclosure." Canterbury v. J.P. Morgan Acquisition Corp., 958 F. Supp. 2d 637, 647 (W.D. Va. 2013). Nor will it be the last. But, when a court has issued a final judgment in one of the actions, then "courts have applied res judicata to bar parallel and subsequent litigation." Id.

The doctrine of res judicata precludes subsequent litigation on the matters actually and necessary resolved in a previous adjudication. Orca Yachts, LLC v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002). The doctrine encompasses two conceptual branches: (1) claim preclusion and (2) issue preclusion. Id. "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises

7

the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). On the other hand, "[i]ssue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination." Id. at 748-79.

Claim preclusion may bar "litigation of matters that have never been litigated or decided." 18 Alan Wright, Arthur R. Miller & Edward H. Cooper et al., Federal Practice & Procedure, Jurisdiction § 4406 (2d ed.). As the Fourth Circuit has explained, claim preclusion provides that, "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." In re Varat Enter., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996); Martin-Bangura v. Va. Dep't of Mental Health, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009); see Taylor v. Sturgell, 553 U.S. 880, 892 n.5 (2008) (noting that "[c]laim preclusion describes the rules formerly known as 'merger' and 'bar'"). "[F]ederal courts generally have also consistently accorded preclusive effect to issues decided by state courts." Allen v. McCurry, 449 U.S. 90, 95 (1980) (citing Montana v. United States, 440 U.S. 147, 153 (1979); Angel v. Bullington, 330 U.S. 183, 186 (1947)).

Claim preclusion applies if three elements exist: "(1) a final judgment on the merits of the suit, (2) an identity of causes of action in both the earlier and the later suits and (3) an identity of parties or their privies in the two suits." Newcom Holdings Party, Ltd. v. Imbros Corp., 369 F. Supp. 2d 700 (E.D. Va. 2005) (citing Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991)).

First, the Court considers whether the same cause of action underlies the previous lawsuits between the parties. The Fourth Circuit has adopted a "transactional approach" to determine whether such an identity of causes of action exists. "[T]he appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990) (internal quotation marks omitted) (quoting Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986)). As the Complaint makes clear, each previous action filed by Davis involved the same note, the same deed of trust, and the same Columbia property. Id. Indeed, in his Complaint, Davis explicitly asks this Court to "adjudicate the title to the property in question." (Comp. at ¶ 11.) However, this Court has already dismissed Davis' original attempts to invalidate the note and deed of trust. OneWest Bank, 2010 WL 538760, at *4. Moreover, Davis brought the exact same claims against the exact

9

same parties in No. 3:12cv781. The only difference between that case and this case is that, in No. 3:12cv781, Davis asserted these claims as counterclaims. The theory behind Davis' case makes obvious that each of the actions arose from the same transaction: in short, Davis believes that OneWest does not have a valid claim to the note, could not appoint Samuel I. White, P.C. substitute trustee, and therefore, OneWest is not entitled to enforce the note.

In No. 3:12cv781, this Court determined that Davis' counterclaims could not provide a basis for subject matter jurisdiction. See generally Fed. Nat'l Mortg. Ass'n, 2013 WL 4061644. Thereupon, the Court remanded the action to the Goochland County General District Court. Id. at *10. The General District Court subsequently issued a final judgment on the merits in favor of Fannie Mae and Davis did not appeal. Fed. Nat'l Mortg. Ass'n v. Davis, No. CV12-405 (Gen. Dist. Ct. Nov. 25, 2013) (Goochland County). The record indicates that Davis did present his counterclaims to the Goochland County General District Court, but that the court lacked jurisdiction to "try[] title." (Memo. In Support of Motion to Dismiss, FNMA and OneWest, Ex. 3., at 4-5.) Therefore, neither judgment possesses preclusive effect. In re Varat Enter., Inc., 81 F.3d at 1315; see Kalos v. Posner, No.1:10cv73, 2011 WL 761240, *5 (E.D. Va. Feb. 23, 2011); Bethea v. Wells Fargo Home Mortg., Inc., No.

3:08cv680, 2009 WL 2001438, *2-3 (E.D. Va. July 10, 2009); See Fed. R. Civ. P. 41 (a dismissal for lack of jurisdiction does not operate as an adjudication on the merits).

However, Davis' claims against OneWest and Fannie Mae are still precluded, because both were parties to Davis v. OneWest Bank, F.S.B., No. 3:09cv699, and that judgment operates as an "adjudication on the merits." Frank v. Home Depot, U.S.A., Inc., 481 F. Supp. 2d 439, 442 (D. Md. 2007) (citing Andrews v. Daw, 201 F.3d 521 525 n.2 (4th Cir. 2000)); see 2010 WL 538760, at *1.

Moreover, insofar as Davis alleges that Samuel I. White, P.C. and its attorneys, Ronald J. Guillot, Jr. and Eric White, lacked authority to conduct the foreclosure sale, those claims are barred, because the firm and its attorneys are in privity with the firm's client. As the Fourth Circuit has stated, "[t]o be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" Martin v. Am. Bancorporation Retirement Plan, 407 F.3d 643, 651 (4th Cir. 2005) (citing Jones v. SEC, 115 F.3d 1173, 1180 (4th Cir. 1997)). Because Samuel I. White, P.C.'s authority to conduct the foreclosure sale is inextricably bound with OneWest's authority to enforce the note and appoint a substitute trustee, its

interests were "adequately represented" during the first lawsuit. See id.

Claim I alleges that Fannie Mae could not file an action for unlawful detainer without a claim to ownership.[2] However, this Court, in Davis v. OneWest Bank, held that Davis' claims against the note and deed of trust lacked factual or legal merit. Davis did not appeal that decision or attempt to amend his complaint. Claim I rests upon the validity of the instruments that he challenged unsuccessfully in Davis v. OneWest Bank. Therefore, it is barred.

Similarly Claim II alleges that OneWest lacked the authority to enforce the note and appoint a substitute trustee. Based on these allegations, Davis claims that OneWest could not direct Samuel I. White, P.C. to foreclose. Claim II rests upon the validity of the instruments that he challenged unsuccessfully in Davis v. OneWest Bank. Therefore, it is

---

[2] Count I alleges that Fannie Mae and Samuel I. White, P.C. wrongfully filed an unlawful detainer action in the Goochland County General District Court. More accurately, the allegations suggest that the Goochland County General District Court wrongfully exercised subject matter jurisdiction over the action before satisfying predicate requirements. Although such allegations appear to implicate the Rooker-Feldman doctrine, Davis managed to file this action in federal court just before the General District Court awarded possession to Fannie Mae. Because the doctrine requires the federal action to be filed after the state-court judgment, the doctrine does not apply. Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

barred. Claim II could also be interpreted to allege that Samuel I. White, P.C. lacked authority to conduct the foreclosure sale. However, that argument is also premised on the alleged invalidity of the instruments that Davis challenged unsuccessfully in Davis v. OneWest Bank. Because the decision in the previous action validated OneWest's right to enforce the note, and therefore, Samuel I. White, P.C.'s right to conduct the foreclosure, this claim is barred.

Claims IV through VII allege that OneWest was not the holder of the note, and therefore not entitled to appoint a substitute trustee or enforce the note. Claims IV through VII present the same arguments as those advanced in the first action, and they are therefore barred.

Claim VII also alleges that IndyMac induced him to sign the note and "arbitrarily set his interest rate" above what he could afford. Moreover, Claim VII appears to allege that Fannie Mae encouraged "[un]balanced" negotiations. Davis could have advanced these allegations during the first action. Therefore, Claim VII is barred.

Claim XI challenges the validity of the assignment from IndyMac to OneWest. Davis alleges that the note was not properly endorsed from IndyMac to OneWest. Davis made these precise allegations in the first action. Therefore, Claim XI is barred.

13

Similarly, Claim XII challenges the "chain of title" and alleges that OneWest is not the holder of the note. Again, the allegations advanced in the first action encompass this claim and therefore, Claim XII is barred.

## 3.  Plaintiff Fails to State a Cause of Action

Even if the above claims were not precluded, the Complaint lacks sufficient facts to state a single "plausible" claim. The Court will begin with the alleged federal questions.

### A.  Claims VIII, IX, X: Violations of Truth in Lending Act

Claims VIII and IX allege that Davis sent a rescission notice to OneWest in February 2010 and that OneWest simply ignored the notice, thereby violating 15 U.S.C. § 1635. However, the Truth in Lending Act provides that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter." 15 U.S.C. § 1635(a). Davis received the construction loan in 2007; therefore, he sent his rescission well past the statutory time limit provided in section 1635(a).

If Davis did not receive the information, the rescission forms, and the material disclosures as required by section 1635(a), then his right of rescission would extend for three

14

years after the date on which the transaction was consummated. 15 U.S.C. § 1635(f); see Gilbert v. Residential Funding, LLC, 678 F.3d 271, 276-77 (4th Cir. 2012) (noting that a borrower exercises the right to rescind when he or she sends a letter alleging disclosure errors and seeking rescission within three years). If that were the case, Davis' rescission might have been timely; however, the Complaint does not allege that Davis did not receive the required documents and disclosures.

Moreover, Davis "fails to allege a present ability to tender, a prerequisite to a TILA rescission." Brown v. HSBC Mortg. Corp., 2011 WL 3101780, *3 (E.D. Va. July 22, 2011). Section 1635(b) "seeks to restore the parties involved in the credit transaction to the 'status quo ante.'" Id. (quoting Am. Mortg. Network v. Shelton, 486 F.3d 815, 820 (4th Cir. 2007)). Rescission proceeds through three-steps: (1) the security interest is voided and the borrower is not liable for any further payments; (2) the creditor has twenty days to refund any payments made by the borrower in connection with the loan; and (3) the borrow must tender the proceeds of the loan. Id. The Fourth Circuit follows the "majority view . . . that unilateral notification of cancellation does not automatically void the loan contract." Shelton, 486 F.3d at 821. For all these reasons, Claims VIII and IX lack sufficient factual allegations to state a plausible claim under the Truth in Lending Act.

15

Claim X asks the Court to "provide an official answer" on the validity of the "312 Interpretation" of the Truth in Lending Act versus the "123 Interpretation." In effect, Davis seeks a declaratory judgment on whether the borrower must tender the proceeds to initiate the section 1635(b) process. Under the Declaratory Judgment Act, a "court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation." Hipage Co. v. Access2Go, Inc., 589 F. Supp. 2d 602, 615 (E.D. Va. 2008) (citing Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 593-94 (4th Cir. 2004)). Thus, declaratory judgments "are untimely if the questionable conduct has already occurred or damages have already accrued." Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 695 (E.D. Va. 2010).

Davis asks the Court to "correct" the OneWest attorneys and alleges various injuries caused by their interpretation of the law. Therefore, it is clear on the face of Davis' Complaint that the "questionable conduct has already occurred." Tapia, 718 F. Supp. 2d at 695. His request for declaratory judgment is untimely and such judgment would not assist the parties to this action "conform their conduct to avoid future litigation."

Because declarative judgment at this stage is inappropriate, Claim X is dismissed.

**B.  The Remaining Claims**

Although Davis has labelled Claims XI, XII, and XIII as "federal questions," his allegations fail to provide any detail as to the federal laws that the defendants purportedly violated or federal rights of which Davis has been deprived. At best, the remaining claims assert state law violations and even that is doubtful. Because the Complaint does not allege a valid claim that would give this Court original jurisdiction pursuant to 28 U.S.C. § 1331, the Court may decline to exercise jurisdiction over parties joined under Rule 20 if the original claim is based on diversity and if exercising jurisdiction would be inconsistent with the jurisdictional requirements of section 1332. 28 U.S.C. § 1367(c). The pleadings do not clearly establish that the Court would have subject matter jurisdiction absent the Truth in Lending Act claims, which have been dismissed. However, section 1367(c) does provide the Court with discretion to address the remaining claims, and so the Court will proceed to the remaining claims.

**(i)  Claims I and II**

As noted above, Claims I and II allege that OneWest unlawfully enforced the note; OneWest unlawfully directed Samuel I. White, P.C. to conduct the foreclosure sale; and Fannie Mae

17

and Samuel I. White, P.C. wrongfully filed an action for unlawful detainer in the General District Court for Goochland County. However, the Complaint alleges no facts in support of the conclusory assertion that OneWest was not the holder of the note. Under Claim II, the Complaint fails to sufficiently plead an ulterior purpose or "an act in the use of process not proper in the regular prosecution of the proceedings as needed to state a claim for abuse of process." Donohoe Const. Co., Inc. v. Mount Vernon Assocs., 235 Va. 531, 539 (1988). Instead, Davis attached two documents to the Complaint without explanation as to how the documents might support a "reasonable inference" that OneWest violated Virginia Code section 8.3A-203. (Compl. at ¶ 36, Exs. B & C.). Moreover, his "show-me-the-note" claims run "contrary to Virginia's non-judicial foreclosure laws." Brown v. HSBC Mortg. Corp., No. 1:10cv1427, 2011 U.S. Dist. LEXIS 80943, *5 (E.D. Va. July 22, 2011). As explained by this Court,

> a noteholder is not 'required to come to a court of law and prove its authority or standing to foreclose on a secured property' so too a nominal beneficiary or a substitute trustee . . . should not be required to prove in court that it has the noteholder's authority. To conclude otherwise would allow borrowers to compel judicial intervention in any foreclosure proceeding where a deed of trust has changed hands or a substitute trustee has been appointed.

Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 810 (E.D. Va. 2012) (citing Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 623 (4th Cir. 2011)). Therefore, Claim II is dismissed.

As to Claim I, the Complaint fails to provide any details about the law that Fannie Mae and Samuel I. White, P.C. allegedly violated by filing the action for unlawful detainer. In addition, Claim I alleges that Ronald Guillot, an attorney for Samuel I. White, P.C. filed an affidavit in violation of Virginia Rule 1:4 stating that Davis "unlawfully detains and withholds" the Columbia property. However, Davis fails to allege any facts that would allow the court to make a "reasonable inference" that Guillot filed the affidavit without the good faith required by law.

Because these "naked assertions" lack the "factual enhancement" required by Twombly and Iqbal, the Court dismisses Claim I.

### (ii) Claim III

Claim III appears to allege that Miller, who represented OneWest and Fannie Mae in aspects of the previous actions, intentionally inflicted emotional distress on Davis and defrauded the Court. In support, Davis alleges that Miller sent him a letter following the foreclosure sale, which was purportedly outside the scope of her representation, and refers broadly to his Opposition to Motion to Dismiss from No. 3:12-cv-

00781. (Compl. Ex. H.) He also refers to a brief submitted on behalf of Miller by Morris & Morris, P.C.

In Virginia, a plaintiff must plead that "the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotionally distress are causally connected; and, the distress is severe." Russo v. White, 241 Va. 23, 26 (1991) (citing Womack v. Eldridge, 215 Va. 338, 342 (1974)). Davis does not allege that the conduct was outrageous and intolerable, nor does Davis attempt to catalogue or substantiate his distress. Further, he cursorily pleads a chain of causation purportedly linking Miller's alleged actions to his purported emotional distress, averring that Miller's conduct was "insulting and aggravating" and that "the average individual would be tormented by the propagated fears of an impending eviction action." But the Complaint does not plead any facts specific to his own alleged injury or the connection between Miller's conduct and his own injury. In addition, Davis does not request damages. Instead, he requests declaratory judgment, which is inappropriate under the circumstances for the reasons stated above. For all these reasons, he fails to state a plausible claim for the intentional infliction of emotional distress. See Russo v. White, 241 Va. 23, 28 (1991) (noting that conclusory allegations

20

The Complaint certainly does not include sufficient factual allegations to support the conclusory allegation that Miller somehow defrauded the Court. He does not clearly identify any action that she took that the Court could reasonable infer was fraudulent. The Complaint refers to a letter that Miller wrote to Davis after the foreclosure sale. However, that letter does not appear in the record. Exhibit H to the Complaint does include a letter from Miller to Davis. Nothing in that letter substantiates Davis' accusations in Claim III.

The Complaint also refers to a brief filed on by Miller. Therein, she states that Davis v. OneWest, No. 3:10-cv-699, was dismissed with prejudice. Davis alleges that this statement constitutes a misrepresentation. However, the opinion states quite clearly that Davis' claims were dismissed and does not state that the dismissal was without prejudice. Davis, 2010 WL 538760, at *4 ("Accordingly, Plaintiff fails to state any actionable claims. . . . Accordingly, Counts I, II, and III are dismissed."). "When a district court grants a Rule 12(b)(6) motion to dismiss, that dismissal 'operates as an adjudication on the merits" under Rule 41(b) "unless the dismissal order states otherwise.'" Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 132 (D.C. Cir. 2012) (Kavanaugh, J., concurring); see Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir. 1989); Frank, 481 F. Supp. 2d at 442. And, as the Supreme Court has

explained, "an adjudication on the merits" is synonymous with a dismissal with prejudice. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). Therefore, a dismissal under Rule 12(b)(6) that does not state whether it is with or without prejudice operates as a dismissal with prejudice. For all these reasons, Claim III will be dismissed.

### (iii) Claims IV, V, VI, and VII

Claims IV, V, VI, and VII recast Davis' "show-me-the-note" claims as breaches of contract. Davis does not clearly plead the terms of the contract that were breached, but instead repeats his arguments that OneWest was not the holder of the note and therefore, not entitled to enforce it. Claim V adds an assertion that OneWest improperly appointed Samuel I. White, P.C. as substitute trustee and that Samuel I. White, P.C. acted impartially. However, he does not provide any "factual enhancement" to these "naked assertions." Francis, 588 F.3d at 193. Claim VI reiterates Davis' allegation that he rescinded pursuant to the Truth in Lending Act. As noted above, Davis' Truth in Lending Act claims are not timely and are inadequately pleaded. Claim VII adds an argument that IndyMac fraudulently induced him to sign the note.

As explained above, courts have "widely rejected" the show-me-the-note theory as contrary to Virginia's non-judicial foreclosure laws. Pham, 856 F. Supp. 2d at 810 (citing Gallant

v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 721 (W.D. Va. 2011)). Therefore, Claims IV through VII are dismissed as a matter of law. To the extent that Claims IV through VII present claims in addition to Davis' "show-me-the-note" claims, the allegations amount to legal conclusions and lack particularity. As a result, the Court cannot draw a reasonable inference that Davis is entitled to relief and those claims will be dismissed.

### (iv) Claims XI and XII

Claim XI avers that the assignment of the note from IndyMac to OneWest was not properly notarized and generally alleges that Miller allowed her client to enforce a note despite an ineffective assignment. Claim XII avers that Miller misinterpreted the U.C.C. and Virginia Code title 8.3A, and allowed her client to enforce the note unlawfully.

First, to the extent that Davis requests "nominal damages," the allegations contained therein do not meet the pleading standard set forth in Rule 8, which "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Davis alleges that he "disagreed" with Miller's legal interpretations and then he sets forth his own opinions. (Compl. at ¶¶ 140-43, 144-50.) Taken in the light most favorable to Davis, Claims XI and XII might be interpreted to contend that the defendants abused the non-judicial foreclosure process. Davis contended as much under Claim II. However, he

23

does not clearly plead an ulterior motive or an improper use of the process, and Virginia law requires plaintiffs to plead both elements. Donohoe, 235 Va. at 539. As explained above, courts have roundly rejected his "show-me-the-note" theory of impropriety as plainly contrary to Virginia's non-judicial foreclosure laws. Pham, 856 F. Supp. 2d at 810 (citing Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 721 (W.D. Va. 2011)).

Second, the Complaint makes clear that Davis primarily seeks declaratory judgment in both instances. As already explained, declaratory judgment at this stage of the proceedings is inappropriate because "the questionable conduct has already occurred [and] damages have already accrued." Tapia, 718 F. Supp. 2d at 695. Finally, the allegations contained therein constitute mere legal conclusions and "naked assertions of wrongdoing" without sufficient "factual enhancement . . . to cross the line between possibility and plausibility of entitlement to relief." Francis, 588 F.3d at 193. Therefore, Claims XI and XII are dismissed.

### (v) Claim XIII

Claim XIII avers that the defendants jointly and severally enforced the note and foreclosed on his home in bad faith. He baldly asserts that the defendants lied to him and to the various courts that these parties have appeared before. He does

not identify any common law, contractual, or statutory duty that the defendants owed him; the claim makes no other allegations; and the claim contains no additional facts to supplement his assertions. Because the allegations lack sufficient factual "heft" to push the claim from "conceivable to plausible," the Court dismisses Claim XIII. Nemet Chevrolet, Ltd. v. Consumeraffairs.com,Inc., 591 F.3d 250, 256 (4th Cir. 2009). Moreover, Davis also requests declaratory judgment under this claim, which is inappropriate for the reasons stated above.

## CONCLUSION

For the foregoing reasons, the MOTION TO DISMISS COMPLAINT (Docket No. 13) filed by Samuel I. White, P.C., the MOTION TO DISMISS (Docket No. 16) filed by OneWest Bank, F.S.B. and Federal National Mortgage, RONALD J. GUILLOT, JR.'S MOTION TO DISMISS COMPLAINT (Docket No. 25), DEFENDANT AMY MILLER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6) (Docket No. 29), and ERIC WHITE'S MOTION TO DISMISS COMPLAINT (Docket No. 45) will be granted.

For the foregoing reasons, it is unnecessary to address the MOTION FOR INJUNCTIVE RELIEF (Docket No. 5) filed by Michael D. Davis, the MOTION FOR EXPEDITED DISCOVERY AND NOTICE OF DEFENDANTS' FAILURE TO RESPOND TO MOTION FOR INJUNCTIVE RELIEF (Docket No. 20) filed by Michael D. Davis, the MOTION FOR SANCTIONS AGAINST FEDERAL NATIONAL MORTGAGE ASSOCIATION AS PER

RULE 37 (Docket No. 48) filed by Michael D. Davis, the MOTION
FOR SANCTIONS AGAINST RONALD GUILLOT AS PER RULE 37 (Docket No.
50) filed by Michael D. Davis, the MOTION FOR SANCTIONS AGAINST
SAMUEL I. WHITE, PC AS PER RULE 37 (Docket No. 51) filed by
Michael D. Davis, the MOTION FOR SANCTIONS AGAINST ONEWEST BANK
AS PER RULE 37 (Docket No. 58) filed by Michael D. Davis, the
MOTION FOR SANCTIONS AGAINST ERIC WHITE AS PER RULE 37 (Docket
No. 59) filed by Michael D. Davis, the MOTION FOR SANCTIONS
AGAINST AMY MILLER AS PER RULE 37 (Docket No. 49) filed by
Michael D. Davis, the MOTION TO WITHDRAW THE MOTION FOR
SANCTIONS AGAINST AMY MILLER AS PER RULE 37 (Docket No. 62)
filed by Michael D. Davis, and the MOTION TO CORRECT (Docket No.
56) filed by Michael D. Davis. They, therefore, will be denied
as moot.

It is SO ORDERED.

_____ /s/    REP

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: April 21, 2014